# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | |
|---|---|
| KERRY ANN LOOMIS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNUM GROUP CORPORATION,<br><br>Defendant. | Case No.<br><br><br>Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Kerry Ann Loomis, individually and on behalf of others similarly situated, brings this lawsuit to recover unpaid overtime wages and other damages from Unum Group Corporation ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Maine wage and hour law, 26 M.R.S.A. § 664 *et seq.* ("Maine Law").

### BACKGROUND

1. Defendant is an insurance company that offers short-term and long-term disability insurance, as well as other insurance products, to groups and individuals around the world.[1]

2. Defendant partners with employers to administer and process disability and leave of absence claims filed by their customers' employees.

3. As a third-party absence management administrator, Defendant's core functions include processing disability and leave of absence claims within contractual timeframes.

---

[1] http://unumemarketing.com/annualreport/2018/about.html (last viewed on August 6, 2020).

4. Defendant employed Plaintiffs and other non-managerial employees to process disability claims within contractual time frames under various job titles that include the terms "Benefits Specialist" or "Disability Specialist" (collectively, "Claims Examination Employees").

5. Defendant paid some or all of its Claims Examination Employees on a salary basis.

6. Defendant's Claims Examination Employees regularly worked over 40 hours per work week.

7. Defendant classified Claims Examination Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

8. Plaintiffs and other Claims Examination Employees' primary job duty consisted of reviewing employee disability claims against predetermined guidelines to determine benefit eligibility within contractual time frames ("Claims Review Work").

9. The Claims Review Work performed by Plaintiffs and other Claims Examination Employees is non-exempt work.

10. Plaintiffs bring this action on behalf of themselves and other similarly situated Claims Examination Employees, who, due to Defendant's uniform misclassification policy, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual workweeks in violation of the FLSA.

11. Plaintiff also brings class action claims under Maine Law.

12. Plaintiffs brings her state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Claims Examination Employees for all earned overtime pay.

## JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. 29 U.S.C. § 216(b).

14. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts as the FLSA claims.

15. Venue is proper in this District under 28 U.S.C. §1391 because Defendant resides in this District.

## THE PARTIES

16. Plaintiff Green is an individual residing in Westbrook, Maine.

17. Defendant is a Delaware corporation.

18. Defendant's corporate headquarters are located at 1 Fountain Square, Chattanooga, Tennessee.

## FACTUAL ALLEGATIONS

19. Plaintiff worked for Defendant as a Claims Examination Employee from approximately May 2014 to January 2019.

20. During her employment with Defendant, Plaintiff primarily performed Claims Review Work.

21. During her employment with Defendant, Plaintiff's job duties did not include regularly directing the work of two or more employees.

22. During her employment with Defendant, Plaintiff did not have the authority to hire, fire, suspend, or otherwise discipline any of Defendant's other employees.

23. During her employment with Defendant, Plaintiff's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

24. During her employment with Defendant, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

25. During her employment with Defendant, Plaintiff could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

26. During her employment with Defendant, Plaintiff's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

27. During her employment with Defendant, Plaintiff's job duties did not involve formulating, interpreting, or implementing management policies for Defendant or Defendant's customers.

28. During her employment with Defendant, Defendant required Plaintiff to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

29. During her employment with Defendant, Plaintiff's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

30. During her employment with Defendant, Plaintiff's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

31. During her employment with Defendant, Plaintiff's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

32. Defendant suffered Plaintiff to work over 40 hours in one or more individual workweeks during the last three years.

33. During her employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

34. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and Maine Law.

35. Defendant paid Plaintiff a salary.

36. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one-and-one-half times her regular rate of pay.

## COVERAGE UNDER THE FLSA

37. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

38. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

39. Defendant has more than $500,000 in sales made or business done in each of the last three calendar years.

40. During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

41. During her employment, Defendant was Plaintiff's "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings her FLSA claims as a collective action.

43. Plaintiff's consent form is attached hereto as Exhibit A.

44. The collective is defined as follows:

**All individuals employed by Defendant as Claims Examination Employees over the last three years who were paid a salary and classified as exempt from overtime ("Putative Collective Action Members").**

45. Plaintiff is similarly situated to the Putative Collective Action Members because they were paid in the same manner and performed the same primary job duties.

46. In the last three years, Defendant has employed at least 100 individuals who performed the same primary duties as Plaintiff.

47. Defendant was the Putative Collective Action Members' "employer" as defined by the FLSA 29 U.S.C. § 203(d).

48. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

49. Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

50. Defendant maintained one or more common job descriptions for Claims Examination Employees.

51. Defendant has names and addresses for Putative Collective Action Members in its payroll or personnel records.

52. Defendant has email addresses for Putative Collective Action Members in its payroll or personnel records.

53. Defendant has phone numbers for Putative Collective Action Members in its payroll or personnel records.

54. Defendant was aware or should have been aware that the FLSA required it to pay Putative Collective Action Members overtime if they primarily performed non-exempt work.

## MAINE CLASS ACTION ALLEGATIONS

55. Plaintiff also seeks class certification of the following state law class under Fed. R. Civ. P. 23:

**All individuals employed by Defendant in Maine as Claims Examination Employees in the past six years who were paid a salary and were classified as exempt from overtime (the "Maine Class").**

56. The Maine Class has more than 40 members.

57. As a result, the Maine Class is so numerous that joinder of all members is not practical.

58. There are questions of law or fact common to members of the Maine Class, including (1) whether the Maine Class members primarily performed non-exempt work; (2) whether Defendant violated Maine Law by refusing to pay the Maine Class members overtime pay; and (3) the proper measure of damages if Defendant misclassified the Maine Class members as exempt from the overtime provisions of Maine Law.

59. Plaintiff's overtime claims are typical of those of the Maine Class because they arise out of Defendant's uniform compensation practices.

60. Defendant's defenses to Plaintiff's claims are typical of its defenses to those of the Maine Class because they are grounded in the same compensation practices.

61. Plaintiff can fairly and adequately protect the interests of the Maine Class members because she has no interests adverse to the Maine Class.

62. Plaintiff can fairly and adequately protect the interests of the Maine Class members because she has retained counsel experienced in class action employment litigation.

63. The common questions of law and fact predominate over the variations which may exist between members of the Maine Class, if any.

64. Plaintiff and the members of the Maine Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, statutory penalties, attorneys' fees and costs.

65. If individual actions were required to be brought by each member of the Maine Class injured or affected by Defendant's common compensation practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendant.

66. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Maine Class is entitled.

67. The books and records of Defendant are material to the Maine Class members' claims because they disclose the hours worked by each member of the Maine Class and the rates at which Maine Class members were paid.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

68. Plaintiff incorporates here the previous allegations of this Complaint.

69. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiff and the Putative Collective Action Members at one-and-one-half times their regular rates when they worked over 40 hours in individual workweeks.

70. Plaintiff was not exempt from the overtime provisions of the FLSA.

71. Putative Collective Action Members were not exempt from the overtime provisions of the FLSA.

72. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

73. Putative Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

74. Defendant paid Plaintiff a salary and no overtime compensation.

75. Defendant paid Putative Collective Action Members a salary and no overtime compensation.

76. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

77. Defendant violated the FLSA by failing to pay overtime to Putative Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

78. Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful, as Defendant was aware or should have been aware that the FLSA required it to pay Plaintiff and the Putative Collective Action Members overtime.

## COUNT II
### VIOLATION OF MAINE WAGE AND HOUR LAW

79. Plaintiff incorporates here the previous allegations of this Complaint.

80. Defendant violated Maine Law by failing to pay overtime to Plaintiff and members of the Maine Class when they worked over 40 hours in individual workweeks.

81. Defendant classified Plaintiff and the members of the Maine Class as exempt from the overtime provisions of Maine Law.

82. Plaintiff and members of the Maine Class were not exempt from the overtime provisions of Maine Law.

83. Defendant suffered and permitted Plaintiff and members of the Maine Class to work over 40 hours in one or more individual workweeks.

84. Defendant violated Maine Law by failing to pay Plaintiff and Maine Class members overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

## JURY DEMAND

85.    Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Putative Collective Action Members and the Maine Class members, seeks a judgment against Defendant as follows:

A.    An Order designating this lawsuit as a collective action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B.    An Order certifying the Maine Class pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4).

C.    All unpaid overtime wages due to Plaintiff, the Collective Action Members, and the Maine Class members;

D.    Pre-judgment and post-judgment interest;

E.    Liquidated damages equal to the unpaid overtime compensation due;

F.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

G.    Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ *Charles P. Yezbak*
Charles P. Yezbak, III* (TN BPR #019865)
/s/ *N. Chase Teeples*
N. Chase Teeples* (TN BPR #032400)
**YEZBAK LAW OFFICES PLLC**
2021 Richard Jones Road, Suite 310A
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

Travis M. Hedgpeth*
Texas Bar No. 24074386
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

Jack Siegel*
Texas Bar No. 24070621
Stacy W. Thomsen*
California Bar No. 274282
**SIEGEL LAW GROUP PLLC**
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
stacy@siegellawgroup.biz
jack@siegellawgroup.biz

**Application for admission* pro hac vice *forthcoming*

**ATTORNEYS FOR PLAINTIFFS AND
OTHERS SIMILARLY SITUATED**